UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER KREBS<br><br>Defendant. | 5:16-CR-50083-JLV-2<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER |

Defendant Tyler Krebs filed a motion for discovery to obtain information regarding law enforcement's computerized data search system, known as the Zuercher database. (Doc. 69). In particular, Mr. Krebs sought written policies and a hands-on inspection of the Zuercher database. Mr. Krebs argued that the information was necessary in order to cross examine witnesses and present arguments at the motion to suppress evidentiary hearing. The parties completed the court's discovery chart and a hearing was held on the motion for discovery on December 12, 2016. The court denied the motion for discovery. (Doc. 84). The parties were given notice of their right to appeal to the district court and advised of the 14 day deadline. Neither party filed an appeal.

An evidentiary hearing on Mr. Krebs' motion to suppress (Doc. 52) was held on January 10, 2017. At the hearing, testimony was presented that the Zeurcher system collects and organizes information from multiple databases and delivers that information to law enforcement. The testimony at the

1

evidentiary hearing established that Officer Hunt ran the driver and the passengers' names through the Zuercher system, which returned results from the various databases.  This action does not impermissibly expand the scope of the traffic stop in violation of Rodriguez v. United States, 135 S.Ct. 1609 (2015).  This court issued a report and recommendation as to Mr. Krebs' motion to suppress. (Doc. 98). The arguments raised by Mr. Krebs in his motion to reconsider do not change the analysis of the report and recommendation.  There is no basis for the court to reconsider its order denying Mr. Krebs' motion to inspect the Zuercher system.

Additionally, Defendant seeks written policies and criteria for the flag system in Zeurcher.  Stacey O'Dell and Lieutenant John Olson testified that the tag system was developed and implemented through a series of meetings and emails discussing the parameters of creating and inserting various flags into a person's profile.  There is no formal written policy.

Federal Rule of Criminal Procedure 16(a)(2) states, "[e]xcept as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."  The sections excepted from this subsection relate to (A) Defendant's Oral Statement, (B) Defendant's Written or Recorded Statement, (C) an Organizational Defendant, (D) Defendant's Prior Record, (F) Reports of Examinations and Tests and (G) Expert Witnesses.  Mr. Krebs is barred from receiving his requested discovery under

the plain language of Federal Rule of Criminal Procedure 16(a)(2). Accordingly, the motion for reconsideration is denied.

DATED this 2nd day of February, 2017.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge